NO. 12-35946

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

SETH BAKER, JESSE BERNSTEIN, MATTHEW DANZIG, JAMES JARRETT,
NATHAN MARLOW, and MARK RISK, individually and on behalf of all others
similarly situated,

Plaintiffs-Appellants,

v.

MICROSOFT CORPORATION,

Defendant-Appellee.

_____

On Appeal from the United States District Court for the
Western District of Washington at Seattle, No. 2:11-cv-00722-RSM
The Honorable Ricardo S. Martinez

_____

**MICROSOFT CORPORATION'S PETITION
FOR EN BANC REHEARING**

_____

Stephen M. Rummage
Fred B. Burnside
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150
(206) 757-7700 Fax

Charles B. Casper
Jennifer E. Canfield
Montgomery, McCracken,
    Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, Pennsylvania  19109
(215) 772-1500
(215) 772-7620 Fax

Attorneys for Microsoft Corporation

# TABLE OF CONTENTS

GROUNDS FOR REHEARING EN BANC ............................................................1

FACTUAL BACKGROUND .................................................................................3

ARGUMENT FOR REHEARING EN BANC ........................................................5

    A.    The Panel Decision Conflicts with the Supreme Court's Decision in *Coopers & Lybrand* and Warrants En Banc Review. .......................7

    B.    The Panel Decision Conflicts with Another Panel's Decision in *Huey*, Which Requires En Banc Review................................................9

    C.    The Panel Decision Conflicts with Decisions of Four Circuits on an Issue Governed by Uniform Federal Law. .....................................13

CONCLUSION...................................................................................................15

STATEMENT OF RELATED CASES ................................................................16

DWT 26473942v7 0025936-001400

# TABLE OF AUTHORITIES

<b>Page(s)</b>

## FEDERAL CASES

*Atonio v. Wards Cove Packing Co.*,
  810 F.2d 1477 (9th Cir. 1987) ............................................................9

*Baker v. Microsoft Corp.*,
  --- F.3d ---, slip op. (9th Cir. Mar. 18, 2015) ...............................passim

*Baker v. Microsoft Corp.*,
  851 F. Supp. 2d 1274 (W.D. Wash. 2012) ..............................1, 3, 4, 5

*Baker v. Microsoft Corp.*,
  No. 12-80085 (9th Cir. June 12, 2012) .........................................1, 4

*Berger v. Home Depot USA, Inc.*,
  741 F.3d 1061 (9th Cir. 2014) ......................................................passim

*Bobbitt v. Milberg LLP*,
  No. 13-15812 (9th Cir. May 28, 2014), ECF 31-1 ...........................13

*Bowe v. First of Denver Mortg. Investors*,
  613 F.2d 798 (10th Cir. 1980) ...................................................2, 14

*Camesi v. Univ. of Pittsburgh Med. Ctr.*,
  729 F.3d 239 (3d Cir. 2013) ...............................................2, 11, 13, 14

*Concha v. London*,
  62 F.3d 1493 (9th Cir. 1995) ..........................................................12

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) ...................................................................passim

*Coursen v. A.H. Robbins Co., Inc.*,
  764 F.2d 1329, 1342-43, *opinion corrected*, 773 F.2d 1049 (9th
  Cir. 1985) ......................................................................................12

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) .........................................................................8

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  903 F.2d 176 (2d Cir. 1990) ...............................................................14

*Huey v. Teledyne, Inc.*,
  608 F.2d 1234 (9th Cir. 1979) ....................................................passim

*Hunt v. Imperial Merch. Servs., Inc.*,
  560 F.3d 1137 (9th Cir. 2009) ...............................................................5

*In re Microsoft Xbox 360 Scratched Disc Litig.*,
  2009 WL 10219350 (W.D. Wash. Oct. 5, 2009).........................................3, 4, 5

*Laczay v. Ross Adhesives*,
  855 F.2d 351 (6th Cir. 1988) ..............................................................15

*Marks v. S.F. Real Estate Bd.*,
  627 F.2d 947 (9th Cir. 1980) ...........................................................9, 12

*Marshall v. Sielaff*,
  492 F.2d 917 (3d Cir. 1974) ...............................................................10

*McGowan v. Falknor Concrete Pipe Co.*,
  659 F.2d 554 (5th Cir. 1981) ..............................................................15

*Nichols v. Mobile Board of Realtors*,
  675 F.2d 671 (5th Cir. 1982) ..............................................................15

*Omstead v. Dell, Inc.*,
  594 F.3d 1081 (9th Cir. 2010) ........................................................11, 12

*Or. Bureau of Labor & Indus. ex rel. Richardson v. U.S. W. Commc'ns, Inc.*,
  288 F.3d 414 (9th Cir. 2002) ..............................................................12

*Plata v. Davis*,
  329 F.3d 1101 (9th Cir. 2003) ...............................................................5

*Rhodes v. E.I. du Pont de Nemours & Co.*,
  636 F.3d 88 (4th Cir. 2011) ...........................................................2, 14

*Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*,
  548 F.3d 738 (9th Cir. 2008) ..............................................................12

- iii -

*Smith v. Microsoft Corp.*,
    No. 14-55807 (9th Cir. Jan. 20, 2015), ECF 18 .................................................13

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013) ..........................................................................6, 12

*Sullivan v. Pac. Indemn. Co.*,
    566 F.2d 444 (3d Cir. 1977) ...........................................................10, 11, 13, 14

*Telco Grp., Inc. v. AmeriTrade, Inc.*,
    552 F.3d 893 (8th Cir. 2009) .............................................................................2, 14

*Torres v. Microsoft Corp.*,
    No. 09-80160 (9th Cir. Jan. 21, 2010).................................................................3

*U.S. v. Hardesty*,
    977 F.2d 1347 (9th Cir. 1992) ...........................................................................9

*United States v. Procter & Gamble Co.*,
    356 U.S. 677 (1958)....................................................................................12, 15

**FEDERAL STATUTES**

28 U.S.C. § 1291 ...............................................................................................passim

**RULES**

9th Cir. R. 35-1 .............................................................................................2, 13

Fed. R. App. P. 35(a)(1)...................................................................................13

Fed. R. App. P. 35(b)(1)(A) ..............................................................................2

Fed. R. Civ. P. 23 ..........................................................................................4, 7

Fed. R. Civ. P. 23(c)(1)....................................................................................7

Fed. R. Civ. P. 23(f) ................................................................................passim

Fed. R. Civ. P. 41 ...............................................................................10, 11, 12

Fed. R. Civ. P. 41(a)...............................................................................passim

Fed. R. Civ. P. 41(b) ...............................................................................passim

DWT 26473942v7 0025936-001400

**OTHER AUTHORITIES**

7B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Fed. Prac. & Proc.* § 1802 (3d ed. 2005) ...................................................................14

## GROUNDS FOR REHEARING EN BANC

The panel's appellate jurisdiction holding conflicts with Supreme Court precedent and creates both intra-circuit and inter-circuit conflicts.

After the district court struck Plaintiffs' class allegations, *Baker v. Microsoft Corp.*, 851 F. Supp. 2d 1274 (W.D. Wash. 2012), Plaintiffs petitioned for review under Federal Rule of Civil Procedure ("Rule") 23(f). This Court denied review. *Baker v. Microsoft Corp.*, No. 12-80085 [Dkt. 3] (9th Cir. June 12, 2012) (Leavy and Hawkins, JJ). Instead of pursuing their individual claims to final judgment, Plaintiffs moved for (and obtained) dismissal with prejudice and appealed, hoping to trump the Court's denial of review under Rule 23(f). The panel indulged the maneuver, finding jurisdiction over the appeal. "As this case did not involve a settlement, … '[w]e have jurisdiction under 28 U.S.C. § 1291 because a dismissal of an action with prejudice, even when such dismissal is the product of a stipulation, is a sufficiently adverse—and thus appealable—final decision.'" *Baker v. Microsoft Corp.*, --- F.3d ---, slip op. at 11 (9th Cir. Mar. 18, 2015) (attached) (quoting *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1065 (9th Cir. 2014)).

This Court should rehear the case en banc for the following reasons:

***First***, the panel decision contradicts *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978), in which a unanimous Supreme Court ruled two plaintiffs had no right to appellate review of a class certification denial, even if the denial meant the case would proceed no further because the cost of trial would exceed their individual recoverable damages—i.e., the class certification denial sounded the case's "death knell." As the Court explained, "the fact that an interlocutory order

may induce a party to abandon his claim before final judgment is not a sufficient reason for considering it a 'final decision.'" *Id*. at 477. That Plaintiffs here abandoned their claims, while the *Coopers & Lybrand* plaintiffs only promised to do so, does nothing to take this case outside *Coopers & Lybrand*'s holding.

**Second**, the decision conflicts with *Huey v. Teledyne, Inc.*, 608 F.2d 1234 (9th Cir. 1979), which both the panel and the *Berger* panel failed to discuss. In *Huey*, this Court found appellate jurisdiction lacking where a plaintiff allowed his case to be dismissed under Rule 41(b) immediately after class certification was denied and interlocutory review rejected, and then sought to appeal the class certification denial. As in *Huey*, "the policy against piecemeal appeals … expressed by the Supreme Court in [*Coopers & Lybrand*] governs the circumstances of this case." *Id.* at 1238. Because the panel's decision conflicts with *Huey*, "consideration by the full court is … necessary to secure and maintain uniformity of the court's decisions." Fed. R. App. P. 35(b)(1)(A).

**Third**, the panel decision conflicts with decisions of the Third, Fourth, Eighth, and Tenth Circuits. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 245-46 (3d Cir. 2013); *Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 100 (4th Cir. 2011); *Telco Grp., Inc. v. AmeriTrade, Inc.*, 552 F.3d 893, 893-94 (8th Cir. 2009) (per curiam); *Bowe v. First of Denver Mortg. Investors*, 613 F.2d 798, 800-02 (10th Cir. 1980). The circuit courts in these cases all rejected plaintiffs' efforts to manufacture appellate jurisdiction over class certification denials through "procedural sleight-of-hand to bring about finality." *Camesi*, 729 F.3d at 245. This clear inter-circuit conflict likewise justifies en banc review. 9th Cir. R. 35-1.

-2-

## FACTUAL BACKGROUND

In 2007, the same consortium of lawyers now before the Court sued Microsoft, alleging (as they do here) its Xbox 360 console had a defect that could cause consoles to scratch game discs during play.[1] They filed five lawsuits, which were consolidated before Judge John Coughenour. On October 5, 2009, after sixteen months of discovery, and on a fully developed record with extensive expert testimony, Judge Coughenour denied certification of the two classes sought by the initial plaintiffs. *See In re Microsoft Xbox 360 Scratched Disc Litig.*, 2009 WL 10219350 (W.D. Wash. Oct. 5, 2009); *see also* ER 218-29. The *Scratched Disc* plaintiffs sought review in this Court under Federal Rule of Civil Procedure 23(f). The Court denied their petition. *Torres v. Microsoft Corp.*, No. 09-80160 (9th Cir. Jan. 21, 2010) (Silverman and Paez, JJ.) (ER 231). They resolved their individual claims by agreement, and Judge Coughenour granted a stipulated motion to dismiss their cases. *Scratched Disc*, No. 07-cv-01121-JCC (ER 233).

Several months later, the same law firms that prosecuted those actions filed a new case on behalf of six new plaintiffs (all putative class members in *Scratched Disc*), alleging the same defect in Xbox 360 consoles and seeking to represent the same classes. *Baker v. Microsoft Corp.*, No. 11-cv-00722-RSM [Dkt. 1] (W.D. Wash.) ("*Baker*"). Microsoft asked Judge Ricardo Martinez to strike Plaintiffs' class allegations (or, in the alternative, deny class certification) because principles

---

[1] Microsoft denies the Xbox 360 has a defect. The Xbox 360 instruction materials warn users to "[r]emove discs before moving the console" to avoid "damaging discs," ER 273, 278, as does a sticker on the front of the disc drive. ER 106. Microsoft's customer service records show only 0.4% of Xbox 360 console owners report disc scratching of any kind. ER 172; *see also* slip op. at 4-5.

of comity precluded re-litigation of matters Judge Coughenour decided on a fully developed evidentiary record. Microsoft also argued, as in the *Scratched Disc* cases, that Plaintiffs did not meet Rule 23's class certification requirements because individual questions predominated and variations in state laws made their proposed nationwide class unmanageable. Plaintiffs responded by relying on the factual record from the *Scratched Disc* cases—presenting no new evidence and seeking no discovery—but arguing an intervening decision by this Court rebutted any presumption of deference to Judge Coughenour's decision. ER 404-08.

Judge Martinez rejected Plaintiffs' argument that the law had changed in any way material to the class certification issues. Striking Plaintiffs' class allegations, he agreed with Judge Coughenour's "refus[al] to certify classes that are identical in pertinent part to the ones at issue here." *Baker*, 851 F. Supp. 2d at 1278. Plaintiffs once again followed the prescribed method for reviewing a class ruling by filing a petition to appeal Judge Martinez's decision under Rule 23(f), arguing the Order was questionable and sounded the death knell for their claims. *Baker v. Microsoft Corp.*, No. 12-80085 [Dkt. 1] at 17-18 (9th Cir. Apr. 10, 2012). This Court denied Plaintiffs' petition, just as it denied the *Scratched Disc* petition. *Id.* [Dkt. 3] (9th Cir. June 12, 2012) (Leavy and Hawkins, JJ.).

On October 16, 2012, in an attempt to end-run this Court's denial of their Rule 23(f) petition, Plaintiffs moved for a voluntary dismissal with prejudice under Rule 41(a). Plaintiffs' motion explained their plan: "After the Court has entered a final order and judgment, Plaintiffs intend to appeal the Court's March 27, 2012 order (Dkt. 32) striking Plaintiffs' class allegations." ER 19. Microsoft stipulated

to an order granting the motion to dismiss, but gave notice that "Plaintiffs will have no right to appeal the Court's Order striking Plaintiffs' class allegations after entry of their requested dismissal." ER 2.

After Plaintiffs filed their Notice of Appeal, Microsoft promptly moved to dismiss for lack of appellate jurisdiction. Microsoft emphasized the Supreme Court's decision in *Coopers & Lybrand* and this Court's application of *Coopers & Lybrand* in *Huey*. Def.'s Mot. to Dismiss Appeal [Dkt. 4] at 5-9. On March 14, 2013, the Circuit Commissioner denied Microsoft's motion to dismiss "without prejudice to renewing the arguments in the answering brief." Order [Dkt. 9].

Two years later, the panel decided it had jurisdiction, relying on the panel decision in *Berger*. But the panel did not cite, much less discuss, either *Coopers & Lybrand* or *Huey*; the *Berger* panel likewise said nothing about those cases. Instead, quoting *Berger*, the panel ruled: "We have jurisdiction under 28 U.S.C. § 1291 because a dismissal of an action with prejudice, even when such dismissal is the product of a stipulation, is a sufficiently adverse—and thus appealable—final decision." *Baker,* No. 12-35946, slip op. at 11 (quoting *Berger*, 741 F.3d at 1065). The panel reversed Judge Martinez's order striking class allegations in deference to the *Scratched Disc* ruling and remanded—but "express[ed] no opinion on whether … plaintiffs should prevail on a motion for class certification." *Id.*, slip op. at 17.

## ARGUMENT FOR REHEARING EN BANC

"Class certification orders generally are not immediately appealable." *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1140 (9th Cir. 2009) (quoting *Plata v. Davis*, 329 F.3d 1101, 1106 (9th Cir. 2003)). A party seeking early review of a

class certification ruling may do so only by filing a petition for review under Rule 23(f). If this Court denies the petition, a plaintiff who lost a class certification motion has "an obligation to pursue her … claim on an individual basis to obtain review of the district court's denial of certification on that claim." *Somers v. Apple, Inc.,* 729 F.3d 953, 961 (9th Cir. 2013) (citations omitted) (holding plaintiff waived right to appeal class certification denial by failing to replead claim in amended complaint). Similarly, if the Court denies a defendant's Rule 23(f) petition, it must litigate the case to final judgment to secure review of an order granting class certification. If class certification issues remain after resolution on the merits, either party may appeal from the final judgment. *See* 28 U.S.C. § 1291. The law allows no shortcut for either party.

Consistent with these principles, a plaintiff cannot voluntarily dismiss and thereby secure immediate review of a class certification ruling, adding a route to appeal Congress did not authorize in Rule 23(f) or anywhere else, and circumventing the final judgment rule embodied in 28 U.S.C. § 1291. Allowing a plaintiff to obtain appellate review through voluntary dismissal violates the principle at the core of *Coopers & Lybrand*, i.e., courts may not authorize "*indiscriminate* interlocutory review of [class certification] decisions" because "Congress carefully confined the availability of such review." 437 U.S. at 474. If the Court were to allow appeals from ***any*** class certification denial whenever the plaintiff is willing to dismiss with prejudice, immediate appellate review of class certification denials would become the norm, defeating the balance Congress struck in Rule 23(f), leading to piecemeal appeals, and eliminating this Court's

discretion to decide which class certification rulings merit early review.

*Coopers & Lybrand* decided only Congress can expand the right to appeal, and this Court in *Huey* found congressional policy against piecemeal appeals "governs." *Huey*, 608 F.2d at 1238. The panel should have followed *Coopers & Lybrand* and *Huey*—or submitted the case for en banc review. The Court should cure the panel's error by granting en banc rehearing and dismissing the appeal.

### A. The Panel Decision Conflicts with the Supreme Court's Decision in *Coopers & Lybrand* and Warrants En Banc Review.

The Supreme Court made clear in *Coopers & Lybrand* "that the 'death knell' doctrine does not support appellate jurisdiction of prejudgment orders denying class certification." 437 U.S. at 476. Writing for a unanimous Court, Justice Stevens reasoned Congress defined the grounds for appellate jurisdiction; neither a court nor a party can manufacture additional grounds. *Id.* at 471.

In *Coopers & Lybrand*, the Eighth Circuit concluded it had jurisdiction to review an adverse class certification decision because the lack of resources and anticipated costs as a practical matter prevented plaintiffs from pursuing their claims individually through trial, making the ruling effectively a final judgment. *Id.* at 466-67. The Supreme Court disagreed. "An order refusing to certify, or decertifying, a class does not of its own force terminate the entire litigation **because the plaintiff is free to proceed on his individual claim**." *Id.* at 467 (emphasis added). As the case proceeds, the class certification ruling may change. Rule 23 provides orders "involving class status may be 'altered or amended before the decision on the merits.'" *Id.* at 469 n.11 (quoting Fed. R.

-7-

Civ. P. 23(c)(1)). Further, the plaintiff may lose on the merits—on summary judgment or at trial—making class certification moot. Continued litigation thus may obviate the need for appellate review or alter the decision on review.

The Supreme Court emphasized § 1291's finality requirement "evinces a legislative judgment that '[r]estricting appellate review to "final decisions" prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy.'" *Id.* at 471 (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974)). "It is undisputed that allowing an appeal from such an order in the ordinary case would run directly contrary to the policy of the final judgment rule embodied in 28 U.S.C. § 1291 and the sound reasons for it." *Id.* (internal quotation marks and citations omitted). Congress "made 'finality' the test of appealability," and absent a legislative prescription, the death knell doctrine could create only an "arbitrary measure of finality." *Id.* at 472. The death knell doctrine's "principal vice" is the authorization of "*indiscriminate* interlocutory review of decisions made by the trial judge," ignoring that "Congress carefully confined the availability of such review." *Id.* at 474. Further, the death knell doctrine is unfair because it asymmetrically "operates only in favor of plaintiffs even though the class issue—whether to certify, and if so, how large the class should be—will often be of critical importance to defendants as well." *Id.* at 476. Thus, because only Congress may expand the grounds for appellate review, Justice Stevens wrote, "the fact that an interlocutory order may induce a party to abandon his claim before final judgment is not a sufficient reason for

-8-

considering it a 'final decision' within the meaning of § 1291." *Id.* at 477.

Here, the order denying class certification induced Plaintiffs to abandon their claims before judgment. But, as Justice Stevens explained, that "is not a sufficient reason for considering [the class certification denial] a 'final decision' within the meaning of § 1291." *Id.* In holding to the contrary, the panel (as well as the *Berger* panel) contradicted *Coopers & Lybrand*. The resulting conflict warrants en banc rehearing of the decision finding appellate jurisdiction.

### B. The Panel Decision Conflicts with Another Panel's Decision in *Huey*, Which Requires En Banc Review.

The panel decision also exacerbates an intra-circuit split. One year after *Coopers & Lybrand*, this Court held it "governs" and precludes appellate jurisdiction when a plaintiff, like Plaintiffs here, refuses to proceed to trial after class certification is denied. *Huey*, 608 F.2d at 1238; *see also Marks v. S.F. Real Estate Bd.*, 627 F.2d 947, 949 (9th Cir. 1980) ("Now that [*Coopers & Lybrand*] has eliminated death knell appeals, plaintiff must be willing to proceed to trial, albeit reluctantly, on his individual claim in order to obtain eventual review of the decertification order."). The panel decision conflicts with *Huey*'s holding that *Coopers & Lybrand* governs in these circumstances. "[T]he appropriate mechanism for resolving [this] irreconcilable conflict is an en banc decision." *Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1478-79 (9th Cir. 1987) (en banc); *see also U.S. v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam) (reiterating mandatory procedure).

DWT 26473942v7 0025936-001400

In *Huey*, this Court considered whether it had jurisdiction over an appeal from a Rule 41 dismissal with prejudice entered after the district court denied class certification and the plaintiff refused to prosecute his individual case through trial on death knell grounds. The Court began by quoting *Coopers & Lybrand*: "[T]he fact that an interlocutory order may induce a party to abandon his claim before final judgment is not a sufficient reason for considering it a 'final decision.'" 608 F.2d at 1239 (quoting 437 U.S. at 477). The Court also "agree[d]" with an earlier decision from the Third Circuit, which held that allowing review of class certification on appeal from a Rule 41(b) dismissal would "invite the inundation of appellate dockets with requests for review of interlocutory orders and … undermine the ability of trial judges to achieve the orderly and expeditious disposition of cases." *Id*. at 1239 (quoting *Sullivan v. Pac. Indemn. Co.*, 566 F.2d 444, 445-46 (3d Cir. 1977) (quoting *Marshall v. Sielaff*, 492 F.2d 917, 919 (3d Cir. 1974))). The Court acknowledged its "holding may force to trial some small claims to assure that the denial of class certification will be reviewed as part of a 'final decision.'" *Huey*, 608 F.2d at 1240. But, consistent with *Coopers & Lybrand*, it found that risk necessary "to discourage piecemeal appeals." *Id.*

*Huey*'s facts are materially indistinguishable from this case. The district court denied certification, plaintiffs unsuccessfully sought to appeal and, upon being denied permission, they refused to pursue their individual claims. The court then dismissed with prejudice under Rule 41—for failure to prosecute in *Huey* and on Plaintiffs' motion to dismiss here. Because *Coopers & Lybrand* and *Huey* enforce a congressional policy against piecemeal appeals, it makes no difference

-10-

that the court granted Plaintiffs' Rule 41(a) motion to dismiss here, while the *Huey* court dismissed for want of prosecution under Rule 41(b). *Compare Sullivan*, 566 F.2d at 445 (no jurisdiction over appeal from Rule 41(b) dismissal for failure to prosecute after class certification denied) *with Camesi*, 729 F.3d at 246-47 (no jurisdiction over appeal from Rule 41(a) dismissal following decertification of FLSA class). The same policy against piecemeal appeals governs, no matter what procedural mechanism a plaintiff uses trying to manufacture appellate jurisdiction.[2]

Although the *Berger* panel found appellate jurisdiction after a class certification denial followed by a Rule 41 dismissal, it cited neither *Coopers & Lybrand* nor *Huey*. Indeed, it may have been unaware the *Huey* panel ruled the other way in 1979: Home Depot cited *Huey* only in a "*see also*" footnote in its reply on a motion to dismiss the appeal, not in its merits brief. *Berger*, No. 11-55592 (9th Cir. Aug. 4, 2011) ECF 8 at 2 n.1. Equally significant, neither party in *Berger* cited *Coopers & Lybrand*, which establishes the principle that no court may expand Congress's decision to permit appeals only of final judgments and a narrow class of interlocutory orders, even if the inability to appeal sounds the "death knell" for plaintiff's claims, i.e., results in dismissal. As a result, rather

---

[2] One cannot distinguish *Huey* on the ground "an appeal from a Rule 41(b) dismissal does not permit review of interlocutory orders," *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1085 (9th Cir. 2010), even if that is generally true. *Huey* does not turn on the form of dismissal, which was entered a few days after class certification denial. Instead, it rests squarely on *Coopers & Lybrand* and "[t]he policy against piecemeal appeals[, which] applies to this case even though a final judgment has been entered." 608 F.2d at 1239. *Huey* says individual claims must go "to trial"— not undergo a Rule 41(a) dismissal—"to assure that the denial of class certification will be reviewed as part of a 'final decision.'" *Id.* at 1240.

DWT 26473942v7 0025936-001400

than address the congressional policy animating *Coopers & Lybrand* and *Huey*,

the *Berger* panel held a "stipulated dismissal is sufficiently adverse to

[plaintiff's] interests to allow him to appeal."[3]  *Berger*, 741 F.3d at 1066.

Recent cases underscore the need to reconcile this conflicting precedent.

In 2013, another panel rightly noted that a plaintiff who loses a class certification

motion has "an obligation to pursue her … claim on an individual basis to obtain

review of the district court's denial of certification on that claim."  *Somers*, 729

F.3d at 961 (citing *Huey*, 608 F.2d at 1240, quoting *Marks,* 627 F.2d at 949).

And at least two pending appeals arise from voluntary dismissals under Rule

---

[3] *Berger* also misstates the standard for jurisdiction over appeals from Rule 41
dismissals.  *Berger* held a Rule 41 dismissal was a ruling sufficiently adverse to
the plaintiff to create appellate jurisdiction simply because the plaintiff dismissed with
prejudice without settling.  741 F.3d at 1066.  But under *United States v. Procter &
Gamble Co.*, 356 U.S. 677 (1958), only prejudice **to the merits** can make an
interlocutory order appealable on a Rule 41 dismissal.  In *Procter & Gamble*, the
Supreme Court found appellate jurisdiction where an interlocutory order preceding
a Rule 41 dismissal required the United States to produce documents it had to keep
secret; in effect, "it had lost on the merits and was only seeking an expeditious
review."  *Id*. at 680-81.  Until *Berger*, this Court followed *Procter & Gamble* and
found jurisdiction only over case-dispositive (**not** procedural) orders precipitating
Rule 41 dismissals.  *See, e.g*., *Coursen v. A.H. Robbins Co., Inc.*, 764 F.2d 1329,
1342-43, *opinion corrected*, 773 F.2d 1049 (9th Cir. 1985) (no jurisdiction over
appeal from Rule 41 dismissal because court could not assess impact of *in limine*
order on the merits; "Appellant cannot make a nonfinal order appealable by the
simple expedient of taking a voluntary nonsuit and appealing.") (quotation marks
and citation omitted); *Concha v. London*, 62 F.3d 1493, 1506-09 (9th Cir. 1995)
(jurisdiction where interlocutory order impaired the merits, creating sufficient
prejudice to confer jurisdiction); *Or. Bureau of Labor & Indus. ex rel. Richardson
v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 416-17 (9th Cir. 2002) (permitting
appeal where order denying motion to remand deprived plaintiff of any remedy);
*Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 750-51
(9th Cir. 2008) (finding sufficient legal prejudice where law of the case doctrine
ended plaintiffs' claims); *Omstead*, 594 F.3d at 1084-85 (permitting appeal where
order to compel arbitration ended judicial case and foreclosed judicial review of
arbitration clause).

-12-

41(a) following class certification denials. In each case, the defendants ask the Court to resolve the conflict between *Huey* and *Berger*. *See Bobbitt v. Milberg LLP*, No. 13-15812 (9th Cir. May 28, 2014), ECF 31-1, 2014 U.S. 9th Cir. Briefs LEXIS 58, at *13-21; *Smith v. Microsoft Corp.*, No. 14-55807 (9th Cir. Jan. 20, 2015), ECF 18 at 51-52. The Court should grant en banc review to bring uniformity to the Court's conflicting decisions. Fed. R. App. P. 35(a)(1).

### C. The Panel Decision Conflicts with Decisions of Four Circuits on an Issue Governed by Uniform Federal Law.

A conflict with another circuit's opinion on an issue affecting "a rule of national application in which there is an overriding need for national uniformity" presents another compelling basis for en banc review. *See* 9th Cir. R. 35-1. In addition to the conflict with *Coopers & Lybrand* and *Huey*, the panel's decision conflicts with decisions of the Third, Fourth, Eighth, and Tenth Circuits.

The conflict with the Third Circuit is both recent and clear. In *Camesi*, as here, the Third Circuit considered its jurisdiction over an appeal from a Rule 41(a) voluntary dismissal with prejudice following a class certification decision. 729 F.3d at 244-47. The Third Circuit found its pre-*Coopers & Lybrand* decision in *Sullivan* "so similar to the cases before us as to be controlling." *Id.* at 245. "Like the plaintiffs in *Sullivan*, Appellants have attempted to short-circuit the procedure for appealing an interlocutory district court order that is separate from, and unrelated to, the merits of their case." *Id.* Their Rule 41(a) dismissal was "a procedural sleight-of-hand [designed] to bring about finality" and conferred no appellate jurisdiction over the decertification order. *Id.* at 245, 247.

-13-

Recognizing *Huey*'s holding that *Coopers & Lybrand* governs, *Camesi* correctly cited *Huey* for the proposition that "reviewing the denial of class-action certification after plaintiff's action was dismissed for failure to prosecute would violate the spirit of *Coopers & Lybrand*." *Id.* at 245 & n.1. (As noted above, *Huey* was grounded in the Third Circuit's decision in *Sullivan*.) Similarly, in *Bowe v. First of Denver Mortgage Investors*, 613 F.2d 798, 800-02 (10th Cir. 1980), the Tenth Circuit relied on *Huey* in finding it lacked jurisdiction over an appeal from a Rule 41(b) dismissal for want of prosecution after a class certification denial. Like this Court, the Tenth Circuit found *Coopers & Lybrand* controlling, as the only additional fact in *Bowe* was "a graphic demonstration that the 'death knell' has indeed sounded" through dismissal. *Id.* at 800. The Fourth and Eighth Circuits reached the same result, focusing on the named plaintiff's lack of standing to appeal a class certification denial after dismissal of the plaintiff's individual claim. *See Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 100 (4th Cir. 2011) (no Article III standing after voluntary dismissal following class certification denial); *Telco Group, Inc. v. AmeriTrade, Inc.*, 552 F.3d 893, 893-94 (8th Cir. 2009) (per curiam) (after Rule 41(a) dismissal of individual claims, plaintiff was "no longer a member of and therefore cannot represent the putative but uncertified class").[4]

---

[4] Only the Second Circuit has expressly rejected *Huey*. *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 179 (2d Cir. 1990) (finding appellate jurisdiction where plaintiffs dismissed after district court denied class certification). *Berger* relied in part on a treatise's statement that one "'method of obtaining review following a court order eliminating the class-action allegations'" is to "'refuse to [proceed to trial] and allow the court to enter a final judgment dismissing the complaint with prejudice.'" 741 F.3d at 1065 (quoting 7B Charles Alan Wright, Arthur R. Miller, & Mary Kay

Continued…

-14-

These conflicting cases all arise under 28 U.S.C. § 1291, which defines appealable final orders. They all implicate Rule 23(f), promulgated after *Coopers & Lybrand* as the exclusive way to seek immediate review of class certification decisions. Given the need for national uniformity in applying these provisions, especially in proposed nationwide class actions, the Court should grant rehearing en banc to reconcile its jurisprudence with other circuits.

## CONCLUSION

Microsoft requests that the Court vacate the panel decision, grant rehearing en banc, and dismiss Plaintiffs' appeal for lack of appellate jurisdiction.

Dated: April 1, 2015          Davis Wright Tremaine LLP

*/s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
Fred B. Burnside, WSBA #32491

Charles B. Casper
Jennifer E. Canfield
Montgomery, McCracken,
   Walker & Rhoads, LLP

Attorneys for Microsoft Corporation

---

….Continued

Kane, *Fed. Prac. & Proc.* § 1802 (3d ed. 2005)). But the treatise relies largely on two Second Circuit decisions, *id.* nn.60, 61, and the Second Circuit is in the minority. *Berger* also cited *Laczay v. Ross Adhesives*, 855 F.2d 351, 354-55 (6th Cir. 1988), but *Laczay* (not a class action) follows *Procter & Gamble* and applies its rule that a plaintiff must lose "on the merits" to secure appellate review through a Rule 41(a) dismissal. Finally, although *Nichols v. Mobile Board of Realtors*, 675 F.2d 671 (5th Cir. 1982), suggests the Fifth Circuit declined *sub silentio* to follow *Huey*, *id.* at 675 (discussing *McGowan v. Falknor Concrete Pipe Co.*, 659 F.2d 554, 558-60 (5th Cir. 1981)), that circuit has never addressed an appeal following a plaintiff's effort to manufacture appellate jurisdiction after a class certification denial. In *McGowan*, the **defendant** moved to dismiss under Rule 41(b), arguing the plaintiff was dilatory, and the magistrate in a single order recommended both dismissal and class certification denial. The Fifth Circuit addressed class certification only after finding the dismissal improper. 659 F.2d at 558-60.

-15-

## STATEMENT OF RELATED CASES

Microsoft is not aware of any cases related to the present appeal that are pending before this Court.

DWT 26473942v7 0025936-001400

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## CIRCUIT RULES 35-4 AND 40-1

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for rehearing en banc is in compliance with Fed. R. App. P. 32(c) and does not exceed 15 pages.

DATED this 1st day of April, 2015.

Davis Wright Tremaine LLP
Attorneys for Microsoft Corp.

By */s/ Stephen M. Rummage*
  Stephen M. Rummage

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 1, 2015.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participant:

Jeffrey M. Ostrow
Kopelowitz Ostrow Ferguson Weiselberg Keechl
200 Southwest 1st Avenue
12th Floor
Fort Lauderdale, FL 33301

*s/ Stephen M. Rummage*

# ATTACHMENT

## PANEL DECISION PER CIRCUIT RULE 40-1(c)

DWT 26473942v7 0025936-001400

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SETH BAKER; MATTHEW DANZIG; JAMES JARRETT; NATHAN MARLOW; MARK RISK, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs-Appellants*,<br><br>     v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br>    *Defendant-Appellee*. | No. 12-35946<br><br>D.C. No.<br>2:11-cv-00722-RSM<br><br><br>OPINION |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted
April 7, 2014—Seattle, Washington

Filed March 18, 2015

Before: Michael Daly Hawkins, Johnnie B. Rawlinson,
and Carlos T. Bea, Circuit Judges.

Opinion by Judge Rawlinson;
Concurrence by Judge Bea

## SUMMARY[*]

### Class Certification

The panel reversed the district court's stipulated dismissal and order striking class allegations in a diversity action brought by a putative class of owners of Microsoft Corporation's Xbox 360 video game console.

The putative class alleged a design defect in the Xbox console that gouged game discs. In striking the class allegations, the district court concluded that comity required deferral to an earlier class certification denial from another district court decision involving a similar putative class.

The panel held that there was jurisdiction under 28 U.S.C. § 1291 to hear the appeal because the district court's dismissal of the action with prejudice was a sufficiently adverse, and appealable, final decision, even though the dismissal was the product of a stipulation. The panel also held that the decision in *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010) (rejecting the notion that individual manifestations of a defect precluded resolution of the claims on a class-wide basis), was controlling, and the district court's decision striking the class action allegations from the complaint contravened *Wolin* and was an abuse of discretion. The panel remanded for further proceedings.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Judge Bea concurred in the result, but not the reasoning, of the majority opinion. Judge Bea would hold that under the principles of comity a federal district court faced with an earlier denial of class certification in an earlier common dispute heard in a different district court should adopt a rebuttable presumption of correctness; and Judge Bea would conclude that presumption was rebutted in this case.

## COUNSEL

Benjamin Gould (argued), Mark A. Griffin, and Amy C. Williams-Derry, Keller Rohrback LLP, Seattle, Washington; Paul L. Stritmatter, Stritmatter Kessler Whelan Coluccio, Hoquiam, Washington; Brad J. Moore, Stritmatter Kessler Whelan Coluccio, Seattle, Washington; Robert L. Esensten, Wasserman, Comden, Casselman & Esensten, LLP, Tarzana, California; Darren T. Kaplan, Darren Kaplan Law Firm, P.C., New York, New York; Gregory E. Keller, Chitwood Harley Harnes LLP, Atlanta, Georgia; and Jeffrey M. Ostrow, Kopelowitz Ostrow Ferguson Weiselberg Keechl, Fort Lauderdale, Florida, for Plaintiffs-Appellants.

Stephen M. Rummage (argued), Frederick B. Burnside, and John Goldmark, Davis Wright Tremaine LLP, Seattle, Washington, for Defendant-Appellee.

4                        BAKER V. MICROSOFT CORP.

## OPINION

RAWLINSON, Circuit Judge:

Plaintiffs, a putative class of owners of Microsoft Corporation's (Microsoft) Xbox 360® video game console (Xbox), appeal from the stipulated dismissal with prejudice of their lawsuit and from the order striking their class allegations. In striking the class allegations, the district court deferred to an earlier class certification denial order involving a similar putative class. *See Baker v. Microsoft Corp.*, 851 F. Supp.2d 1274, 1276 (W.D. Wash. 2012) (citing *In re Microsoft Xbox 360 Scratched Disc Litig.*, No. C07-1121, 2009 WL 10219350 (W.D. Wash. Oct. 5, 2009) (*Scratched Disc Litigation*)). We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse the order striking the class action allegations because the district court misapplied the law as established in *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010), constituting an abuse of discretion.

## I. BACKGROUND

This case involves an alleged design defect in the Xbox console that gouges game discs. *See Baker*, 851 F. Supp.2d at 1275. Plaintiffs specifically alleged that the Xbox optical disc drive is unable to withstand even the smallest of vibrations, and that during normal game playing conditions discs spin out of control and crash into internal console components, resulting in scratched discs that are rendered permanently unplayable. Microsoft countered that the overwhelming majority of Xboxes do not manifest the alleged defect—only 0.4% of Xbox owners have reported disc

scratching—and that the cause of any disc scratching is consumer misuse, not a product defect.

## A. SCRATCHED DISC LITIGATION

In 2007, other Xbox owners sued Microsoft, alleging claims similar to those asserted in this case. These cases were consolidated before United States District Judge John Coughenour. *See Scratched Disc Litig.*, 2009 WL 10219350, at *1–*2. Judge Coughenour denied class certification on the basis that individual issues of fact and law predominated over common issues of fact and law. *See id.* at *5–*6.

Judge Coughenour relied heavily on the reasoning from another district court decision, *Gable v. LandRover N. Am., Inc.*, No. CV07-0376, 2008 WL 4441960 (C.D. Cal. Sept. 29, 2008), *rev'd, Wolin*, 617 F.3d at 1176. *See Scratched Disc Litig.*, 2009 WL 10219350, at *6. The putative class action plaintiffs in *Gable* alleged that the Land Rover LR3 had a defect in its alignment that caused uneven, premature tire wear. *See Gable*, 2008 WL 4441960, at *1.[1] In opposing class certification, defendant Land Rover argued that because the alleged defect did not manifest in every vehicle, an individual inquiry would be required to ascertain whether any given class member experienced the defect. *See id*. at *3. Land Rover also asserted that because tires have a limited useful life, an individual inquiry would be required to determine whether any given tire wear resulted from a defect and not another cause, such as individual driving habits. *See*

---

[1] In particular, the plaintiffs contended that the front of each of the vehicle's rear tires was farther out from the center line than the back of each tire, a condition the district court described as "duck-footed." *Gable*, 2008 WL 4441960, at *1.

*id*. The district court agreed with Land Rover, and denied class certification because the plaintiffs failed to demonstrate that the purported defect manifested in a majority of vehicles. *See id*. at *4–*5. The district court did not address Land Rover's causation argument.

In *Scratched Disc Litigation*, Judge Coughenour reasoned that, like the Land Rover owners in *Gable*, most Xbox owners have not experienced the purported defect. *See Scratched Disc Litig.*, 2009 WL 10219350, at *7. Judge Coughenour focused on the fact that the defect asserted by the Xbox plaintiffs "actually manifest[ed] in fewer than one percent" of the total number of consoles purchased. *Id.* at *6. The vast number of satisfied purchasers who experienced no defect before replacing the rapidly obsolescing game systems were determined to have received the benefit of the bargain. *See id.* Because not all purchasers sustained damages under this rationale, Judge Coughenour ruled that the need to consider damages on an individual basis "preclude[d] the certification" of the class of Xbox owners. *Id.*

Judge Coughenour rejected the Xbox plaintiffs' attempt to distinguish *Gable* on the basis that the design defect existed in every Xbox console and could only stem from one cause, whereas in *Gable* "only a fraction of the proposed class members had actually experienced the defect and because misalignment could have many different causes." *Id.* Judge Coughenour observed that the Xbox plaintiffs and the *Gable* plaintiffs both asserted a defect involving a common design flaw. The circumstance that prevented class certification in both cases was the lack of uniform manifestation of the acknowledged design flaw. *See id.*

Although the district court in *Gable* refrained from engaging in an exhaustive causation analysis, Judge Coughenour nevertheless cited *Gable* for the notion that individual issues of causation predominate because differing causes may have produced the same defect.  *See id.*  According to Judge Coughenour, "[E]ven if one link of [the causation] chain is a design defect, the other links are unique to each plaintiff and require individual attention. . . ."  *Id.*  The required individual attention to issues of law and fact ruled out class certification.  *See id.*

## B.  *WOLIN* DECISION

Ten months after dismissal of *Scratched Disc Litigation*, we reversed the *Gable* decision upon which Judge Coughenour had so heavily relied in denying class certification.  *See Wolin*, 617 F.3d at 1170, 1176.  We concluded that the district court in *Gable* "erred when it concluded, without discussion, that certification is inappropriate because [plaintiffs] did not prove that the defect manifested in a majority of the class's vehicles. . . ."  *Id.* at 1173.  Indeed, in the past, "we have held that proof of the manifestation of a defect is not a prerequisite to class certification."  *Id.* (citing *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)).  We observed that rather than challenging the predominance of common legal and factual issues, Land Rover was actually arguing the merits of the case.  *See id.*  We concluded that while "individual factors may affect premature tire wear, they do not affect whether the vehicles were sold with an alignment defect."  *Id.*

> [W]e reject[ed] Land Rover's suggestion that automobile defect cases can categorically never be certified as a class.  Gable and Wolin

> assert[ed] that the defect exists in the alignment geometry, not in the tires, that Land Rover failed to reveal material facts in violation of consumer protection laws, and that Land Rover was unjustly enriched when it sold a defective vehicle. All of these allegations are susceptible to proof by generalized evidence.

*Id*.

Land Rover also asserted that the claims of plaintiffs Gable and Wolin were not typical because the wear on their tires was not attributable to misalignment. *See id.* at 1175. We were not persuaded to this view because Land Rover failed to identify any defenses that were unique to Gable and Wolin. *See id.* We decided that regardless of when the premature tire wear was experienced, the fact remained that all class members at some point experienced the same injury due to the same defect. The timing of the defect affected the amount of damages, not the appropriateness of class certification. *See id.* In sum, we held that the requirement of typicality "can be satisfied despite different factual circumstances surrounding the manifestation of the defect." *Id.* (citation omitted). We concluded that Gable, Wolin, and the other class members could have a viable claim against Land Rover regardless of how the defect manifested in the individual vehicles. *See id.* We ruled that the asserted alignment defect, the asserted violation of warranty, and the asserted unjust enrichment due to the lessened value of the vehicles were "issues common to all class members . . ." *Id.* at 1176.

The district court in this case determined that our ruling in *Wolin* did not undermine the causation analysis articulated in *Scratched Disc Litigation*, and that comity required deferral to the earlier certification order. *See Baker*, 851 F. Supp.2d at 1279–81 (striking the class action allegations from the complaint). The district court noted that no Ninth Circuit or Supreme Court precedent articulated the mechanism by which comity was to operate; thus it adopted the suggestion of the American Law Institute (ALI) that a prior denial of class certification on the same subject matter by a different district court judge be given a rebuttable presumption of correctness. *See id.* at 1278. The district court then determined that the presumption had not been rebutted, and deferred to Judge Coughenour's prior decision. *See id.* at 1280.

Plaintiffs initially petitioned for an interlocutory appeal, which was denied. The parties subsequently stipulated to dismiss the case with prejudice, and the district court approved the stipulation. Plaintiffs timely appealed.[2]

---

[2] Courts have grappled with the balance between preventing repeated frivolous efforts to certify a class and preserving due process rights. *See, e.g.*, *In re Bridgestone/Firestone, Inc., Tires Products Liab. Litig.*, 333 F.3d 763, 768–69 (7th Cir. 2003) (binding putative class members whether or not named). Despite the Supreme Court's recognition of "policy concerns relating to use of the class action device," the Court rejected the Seventh Circuit's approach and decided that "principles of *stare decisis* and comity among courts" would have to "mitigate the sometimes substantial costs of similar litigation brought by different plaintiffs." *Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2381 (2011). The district court's application of the ALI proposal may be viewed as an effort to reconcile these values and follow the Supreme Court's guidance in *Smith*.

## II. DISCUSSION

### A. JURISDICTION

Microsoft contends that we lack jurisdiction to consider this appeal because the voluntary dismissal with prejudice did not create appellate jurisdiction. Because jurisdiction is a threshold issue, we resolve this matter before addressing the merits. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

Microsoft takes the position that a voluntary dismissal with prejudice does not sufficiently affect the merits of the substantive claims to constitute an appealable final judgment.[3] However, we rejected a similar argument in *Berger*, where as in this case, the parties stipulated to dismissal of the case with prejudice following denial of a class certification motion. 741 F.3d at 1064. Like Microsoft, the defendant in *Berger* challenged our jurisdiction over an appeal resulting from stipulated dismissal of a putative class action. *See id.* at 1065. We disagreed, ruling that "in the absence of a settlement, a stipulation that leads to a dismissal with prejudice does not destroy the adversity in that judgment necessary to support an appeal. . . ." *Id.* at 1064. We distinguished a stipulated dismissal without a settlement from a stipulated dismissal with a settlement. The former retains sufficient adversity to sustain an appeal. The latter does not. *See id.* at 1065.

---

[3] Microsoft also contends that because the Plaintiffs unsuccessfully moved for interlocutory appeal under Rule 23(f), they must litigate the merits of their claims to final judgment to obtain appellate review. However, Microsoft has not presented a principled basis for this proposed distinction between the present case and *Berger*.

As this case did not involve a settlement, *Berger* establishes that "[w]e have jurisdiction under 28 U.S.C. § 1291 because a dismissal of an action with prejudice, even when such dismissal is the product of a stipulation, is a sufficiently adverse—and thus appealable—final decision." *Id*.

## B. STRIKING OF CLASS ACTION ALLEGATIONS FROM THE COMPLAINT

Judge Martinez struck the Xbox Plaintiffs' class action allegations from the complaint based largely on Judge Coughenour's finding in *Scratched Disc Litigation* that individual issues of causation predominated in that earlier Xbox defect case. *See Baker*, 851 F. Supp.2d at 1276–77. Judge Martinez determined that, although *Wolin* reversed the holding in *Gable* that Judge Coughenour relied on, *Wolin* did not undermine the causation analysis set forth in *Scratched Disc Litigation*. *See id.* at 1279–80. We do not agree.

Judge Martinez cited Judge Coughenour's description of the causation analysis in *Gable* for the notion that individual issues of causation predominated in this case. He observed that Judge Coughenour found persuasive the analysis in *Gable* discussing alternative causes of tire defect manifestation, and that Judge Coughenour followed that reasoning in determining that individual issues of causation predominated in *Scratched Disc Litigation*. *See id.* at 1279. Judge Martinez's order applied this same causation analysis to reach his conclusion that "[t]he discs at issue in this case are analogous to the tires at issue in *Gable/Wolin* because, as Judge Coughenour recognized, both products may be damaged for any number of reasons . . ." *Id*. This discussion

reveals that Judge Martinez relied heavily on *Gable* for its causation analysis.

Judge Martinez determined that "nothing in *Wolin* undermines Judge Coughenour's causation analysis . . ." *Id.* at 1280. However, our reading of *Wolin* leads to a different conclusion. In *Wolin*, we expressly and specifically rejected the notion that individual manifestations of the defect precluded resolution of the claims on a class-wide basis. We held that "[a]lthough individual factors may affect premature tire wear, they do not affect whether the vehicles were sold with an alignment defect." 617 F.3d at 1173. We were not persuaded by Land Rover's efforts to distinguish the representative plaintiffs' claims from those of other prospective class members. We noted that all prospective class members alleged the same injury from a defective alignment in their vehicles. All prospective class members sought recovery pursuant to the same legal theories, and Land Rover failed to identify any defenses that were unique to the representative plaintiffs. *See id.* at 1175. In *Wolin*, we clarified that the individual manifestations of the defect were relevant "to the extent of [plaintiffs'] damages and not whether [Gable and Wolin] possess the same interest and suffered the same injury as the class members. . . ." *Id.* (citation, alteration, and internal quotation marks omitted). We concluded in *Wolin*:

> Whether the alignment geometry was defective, whether Land Rover violated its Limited Warranty for defects within the vehicle, and whether Land Rover was unjustly enriched because consumers' vehicles are worth less due to the defect are issues

> common to all class members and can be
> litigated together. . . .

*Id.* at 1176.

Similarly in this case, although individual factors may
affect the timing and extent of the disc scratching, they do not
affect whether the Xboxes were sold with a defective disc
system.  Plaintiffs contend that (1) whether the Xbox is
defectively designed and (2) whether such design defect
breaches an express or an implied warranty are both issues
capable of common proof.  We agree that, as in *Wolin*, these
issues are susceptible to proof by generalized evidence and do
not require proof of individual causation. *See id.* at 1172–74,
1176.

Among the common questions identified under the
warranty claims are:

> i.   The existence of any express warranties
>      made by Microsoft concerning the Xbox
>      360;
>
> ii.  The application of any such express
>      warranties to the claims asserted in this
>      action;
>
> iii. Whether Microsoft has breached any of its
>      express warranties, as alleged herein;
>
> iv.  The existence of any implied warranties
>      made by Microsoft concerning the Xbox
>      360;

> v.  The application of any such implied warranties to the claims asserted in this action;
>
> vi. Whether Microsoft has breached any of its implied warranties, as alleged herein; . . .

Microsoft contends that plaintiffs' express warranty claim is not amenable to class treatment because individual proof of causation is necessary to determine if there was a breach of its express warranty. According to Microsoft, like the Tire Warranty at issue in *Wolin*, a determination of whether the allegedly defective Xbox disc system caused a given disc to scratch requires proof specific to that class member. However, this analogy is inapt because plaintiffs' position is that the design defect itself breaches the express warranty.

The most that can be said of the holding in *Wolin* that would be of assistance to Microsoft is our recognition that "early tire wear cases *may* be particularly problematic for plaintiffs seeking class certification . . ." *Id.* at 1173 (emphasis added). Nevertheless, in that case, we "reject[ed] Land Rover's suggestion that automobile defect cases can categorically never be certified as a class." *Id.* In *Wolin*, plaintiffs alleged the existence of a design defect, Land Rover's failure to reveal material facts and Land Rover's unjust enrichment due to the sale of defective vehicles. *See id.* We held that these allegations were "susceptible to proof by generalized evidence. Although individual factors may affect premature tire wear, they [did] not affect whether the vehicles were sold with an alignment defect." *Id.*

Similarly, proof that the allegedly defective disc system caused individual damages is not necessary to determine

whether the existence of the alleged design defect breaches Microsoft's express warranty. Rather, plaintiffs' breach of express warranty claim presents a common factual question—is there a defect?—and a common mixed question of law and fact—does that defect breach the express warranty? We conclude, as we did in *Wolin*, that the district court erred in finding that individual issues of causation predominate over these common questions. *See id.*

Microsoft attempts to further distinguish *Wolin* by arguing that, unlike the vehicles in *Wolin*, with their "duck-footed" tires that inevitably caused uneven, premature tire wear, the defect here may never manifest. Microsoft contends that it proved in the *Scratched Disc Litigation* that the alleged defect does not manifest in the vast majority of Xboxes. However, we debunked this argument in *Wolin* by referencing the rule from *Blackie*, 524 F.2d at 901, that "proof of the manifestation of a defect is not a prerequisite to class certification. . . ." *Id.*

What Microsoft is really arguing is that plaintiffs cannot prevail on the merits. *See id.* However, Microsoft's merits-based contention has no place in the determination of whether an action may proceed on a class-wide basis. When the district court relied on *Gable* to conduct this merits-based analysis, *see Baker*, 851 F. Supp.2d at 1279–80, it erred, thereby abusing its discretion.

Microsoft next argues that, "unlike the *Wolin* plaintiffs— who alleged the alignment defect made their luxury vehicles 'worth less,' . . . —Plaintiffs neither claimed the alleged defect made Xbox 360 consoles worth less nor offered common evidence of damage or loss to the proposed class." This argument misconstrues the allegations of the complaint.

Like the plaintiffs in *Wolin*, plaintiffs in this case alleged that a design defect diminished the value of the Xbox.

In a footnote, Microsoft also suggests that individual issues of state warranty law predominate for implied warranty claims. However, Microsoft has not identified any material differences in the applicable state implied warranty laws that would require an individualized inquiry regarding the commonly asserted defect. Indeed, Microsoft noted in its appellate brief the similarity among the implied warranty statutes in Washington, California, Illinois, New York and Michigan.

Finally, Microsoft seeks to characterize plaintiffs' class action allegations as proceeding on the theory that *Wolin* created a *per se* rule requiring class certification of defect claims. Microsoft's contention is premature and misses the mark. As an initial matter, in *Wolin* we did not adopt a *per se* rule requiring class certification of defect claims. Indeed, the converse is true. Rather than adopting a *per se* rule, we simply rejected Land Rover's suggestion that we should categorically decline to certify classes in automobile defect cases. *See Wolin*, 617 F.3d at 1173. Moreover, plaintiffs in this case never moved for class certification. Instead, the district court erroneously ruled that defect allegations are not amenable to resolution on a class-wide basis and struck the class allegations from the complaint. *See Baker*, 851 F. Supp.2d at 1280–81. Microsoft makes several arguments to this court attempting to distinguish *Wolin* and to show that certification of this class would violate Federal Rule of Civil Procedure 23. However, our ruling that the district court's application of comity was misplaced means that these arguments are better addressed if and when plaintiffs move for class certification. It suffices for now to hold that because

the district court misread *Wolin*, it did not account for the change in applicable law that made deference to Judge Coughenour's opinion erroneous.[4]

We express no opinion on whether the specific common issues identified in this case are amenable to adjudication by way of a class action, or whether plaintiffs should prevail on a motion for class certification if such a motion is filed. We hold only that the district court committed an error of law and abused its discretion when it struck the class action allegations from the complaint in contravention of applicable Ninth Circuit precedent.

## III.    CONCLUSION

We conclude that we have jurisdiction over this appeal despite the parties' stipulation to dismiss the case following the district court's ruling striking the class action allegations. We hold that our decision in *Wolin* is controlling, and the district court's decision striking the class action allegations

---

[4] Although no circuit has adopted the ALI rule since its publication in 2010 (nor did the Supreme Court endorse it in *Smith*), the district court misapplied the rule by relying on the wrong legal standard. The district court gave a presumption of correctness to Judge Coughenour's prior ruling, but improperly determined that a change in law (our decision in *Wolin*) did not rebut the presumption. In other words, assuming *arguendo* the validity of the ALI rule, the district court's misreading of the prior ruling rendered application of the presumption of comity an abuse of discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc) (abuse of discretion to identify wrong legal standard); *see also Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (decision to dismiss under comity doctrine reviewed for abuse of discretion). Given that we can decide this case on a narrower and more well established ground, there is no reason to adopt the ALI rule here.

from the complaint contravened *Wolin* and was an abuse of discretion.

**REVERSED and REMANDED for further proceedings consistent with this opinion**.

---

BEA, Circuit Judge, concurring in the result:

This case presents an important question of first impression in the federal courts of appeal: What principles should guide a federal district court's application of comity to a fellow district court's earlier denial of class certification, when addressing a later motion for class certification by a similar class of plaintiffs? The parties asked this question of Judge Martinez in the district court, who answered ("[i]n the absence of any specific guidance" from our court) by adopting the American Legal Institute's ("ALI") suggestion that the earlier denial of class certification be accorded a rebuttable presumption of correctness. *Baker v. Microsoft Corp.*, 851 F. Supp. 2d 1274, 1278 (W.D. Wash. 2012). We should be aware that litigants in other cases have added to the chorus of voices requesting guidance, reinforcing just how important this question is to effective adjudication of class action litigation. *See, e.g.*, *Ott v. Mortgage Investors Corp. of Ohio*, 2014 WL 6851964 at *13 (D. Or. Dec. 3, 2014) (citing *Baker*, 851 F. Supp. 2d at 1278).

I believe our court owes it to district courts to give them the guidance which Judge Martinez found, quite correctly, was absent. Moreover, I respectfully disagree with the majority opinion's assertion that this case can be decided on the "narrower and more well established ground" that Judge

Martinez erred in basing his ruling on the tire defect cases. Maj. Op. at 17 n. 4 (citing *Gable v. Land Rover North America, Inc.*, 2008 WL 4441960 (C.D. Cal. Sept. 29, 2008), *rev'd sub nom Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168 (9th Cir. 2010)).  That simply was not the basis for Judge Martinez's ruling.  Rather, Judge Martinez based his ruling on the only ground urged by Microsoft: that he should defer, for reasons of comity, to Judge Coughenour's denial of class certification in an earlier, similar class action.[1]  For that reason, I do not concur in the majority opinion.  Instead, I would hold that a federal district court faced with an earlier denial of class certification in an earlier common dispute heard in a different district court should adopt the rebuttable presumption of correctness suggested by the ALI and adopted by Judge Martinez.  But because I conclude that presumption was rebutted in this case, I concur in the result reached by the majority.

## I.  Background

First, a brief history of this action may be helpful to bring focus.  In *Gable*,[2] the district court denied certification of a class of Land Rover owners who alleged a defect in the wheel alignment of their vehicles that caused uneven, premature tire wear.  The district court judge believed that the individual issue whether or not the defect actually had manifested itself by causing damage to the tire predominated over the common issue whether the car had defective wheel alignment.  *Gable*

---

[1] *See infra* footnote 4 and accompanying text.

[2] *Gable v. Land Rover North America, Inc.*, 2008 WL 4441960 (C.D. Cal. Sept. 29, 2008), *rev'd sub nom Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168 (9th Cir. 2010).

*v. Land Rover North America, Inc.*, 2008 WL 4441960, *5 (C.D. Cal. Sept. 29, 2008).

A year later, District Judge Coughenour in *In re Microsoft Xbox 360 Scratched Disc Litigation*, 2009 WL 10219350 (W.D. Wash. Oct. 5, 2009), was presented with a putative class of X-Box owners who, similar to plaintiffs here, alleged their X-Box devices had scratched their video game discs. He relied on the causation analysis of *Gable* to deny certification of the class. He reasoned that much as each Land Rover owner in *Gable* had to show that the alignment defect had manifested itself by causing tire damage in his car, so too each video game system owner in *Microsoft Xbox 360 Scratched Disc Litigation* had to show that the scratching defect of his game console had manifested itself by damaging a disc. The manifested effect of the product defect would tend to be different as to each plaintiff's tire or disc. Notably, Judge Coughenour ruled *against* the plaintiffs' attempts to distinguish *Gable*, saying that the two cases presented identical questions of predominance of individual issues over common class issues. *Microsoft Scratched Disc Litigation* at *7. That scratched disc case was settled later that year.

In 2010, the Ninth Circuit reversed *Gable*'s determination of the predominance question. We held the common question whether a defect existed in the wheel alignment predominated over the individual question of the manifestation of the defective wheel alignment through uneven tire wear.[3] Judge Martinez, the district court judge here, heard Microsoft's

---

[3] The Ninth Circuit reversed under a different name. *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168 (9th Cir. 2010). Thus, *Wolin* refers unambiguously to the Ninth Circuit ruling, while *Gable* refers unambiguously to the district court ruling.

motion to strike class claims in 2012, and was faced with an unusual conundrum.

The Supreme Court had recently held that federal district courts are expected "to apply principles of comity to each other's class certification decisions when addressing a common dispute." *Smith v. Bayer*, 131 S.Ct. 2368, 2382 (2011). But no Ninth Circuit or Supreme Court precedent existed to interpret how principles of comity should be applied. Judge Martinez thus adopted the suggestion of the American Legal Institute ("ALI") that an earlier class certification decision of a different district court should be afforded a rebuttable presumption of preclusive effect. Applying this presumption, he held that the presumption of preclusive effect as to Judge Coughenour's ruling in *Microsoft Xbox 360 Scratched Disc Litigation* had not been rebutted, and granted the motion to strike. Judge Martinez did not opine on the issues raised by the motion to strike de novo, and the defendants did not base their motion to strike on any grounds beyond comity.[4]

Was Judge Martinez's application of comity correct? As I have noted, this is a question of first impression in this circuit, and a difficult one. And it puts the wrong question in

---

[4] *See* ER 45 (making the comity argument as to the motion to strike, then arguing that "In the Alternative, the Court Should Deny Certification of Plaintiffs' Proposed Classes."). Certification raises issues and procedures quite different from a motion to strike, and defendants were unambiguous in relying on the comity argument alone for their motion to strike. Plaintiffs replied that "comity does not apply" because *Wolin* was an intervening change in law; as the ALI explains, the comity presumption of correctness is rebutted "when the basis for an earlier denial. . . is no longer present." Dkt. 23 at 17 (citing Am. Law. Inst., *Principles of the Law of Aggregate Litigation* § 2.11 cmt. c. (2010)).

this case to assert, as the majority does, that Judge Martinez misconstrued this court's opinion in *Wolin*.[5] After all, in the typical comity case, where a US court is considering whether to give effect to a foreign judgment, "the mere assertion of [a] party that the [earlier] judgment was erroneous in law or in fact" does not suffice to disrupt the presumption that the foreign judgment be given legal effect. *Asvesta v. Petroutsas*, 580 F.3d 1000, 1011 (9th Cir. (2009)) (quoting *Hilton v. Guyot*, 159 U.S. 113 (1895)). In those cases, a "special reason why the comity of this nation" should not attach is needed. *Id.* Perhaps such solicitousness makes less sense in the federal district court context; since federal district court judges are not sovereigns, their decisions might not require a "special reason" to be ignored. But if that is the conclusion we come to, we should say so.

There is no governing precedent from the Supreme Court or from our court discussing application of principles of comity to orders of denials of class certification entered by district courts in cases involving similar class claims. But the notion of comity between federal district courts under federal common law is not new to our circuit.

---

[5] I agree that Judge Martinez misunderstood *Wolin*. *See* Part III, *infra*. He did not see *Wolin* as a change in the law, despite Judge Coughenour's reliance on the decision *Wolin* overruled. But I do not agree that Judge Martinez relied on *Wolin*, since nothing in his order suggests such reliance. To the contrary, the order suggests he relied on Judge Coughenour's earlier ruling. Moreover, there is no authority the majority can cite for the proposition that if Judge Martinez had understood *Wolin* as a change in the law, he was obliged to refuse comity deference to Judge Coughenour's earlier ruling. Indeed, that is the very question the majority should have answered in this case, and with which this concurrence deals.

Indeed, as Judge Martinez noted, comity between federal district courts in this circuit has long encompassed decisions by the courts designed to promote the smooth workings of the federal judiciary and to avoid the embarrassment of inconsistent results. *Baker*, 851 F.Supp.2d at 1278. For instance, in *Church of Scientology of California v. U.S. Dept. of Army*, 611 F.2d 738 (9th Cir. 1979), the Church of Scientology filed a request pursuant to the Freedom of Information Act for any government materials involving itself or its founder, L. Ron Hubbard. The relevant agency (the Department of the Army) refused to release a certain document. Litigation involving this document proceeded in the federal district courts of the Central District of California and of the District of Columbia. The California district court declined to compel the release of the document on the grounds that the D.C. court was considering the same issue, and the issue was better litigated in D.C. On appeal, the Ninth Circuit held that since the district court in D.C. had already issued its decision, which had been reversed by the D.C. Circuit and remanded for future proceedings, the interests of comity were best served by deferring to the D.C. case, where proceedings were further advanced.[6]

Since the recognition and application of comity to courts' earlier decisions is a matter of federal common law, and no

---

[6] The more common federal comity case occurs when a federal district court declines jurisdiction over a case on the grounds that an action relating to the same subject matter has already been commenced in another district. The first-to-file rule is technically an abdication by the district court; if subject matter jurisdiction exists, the second court is not required by any constitutional principle to desist. It does so for the unremarkable reason that the public interest—conservation of judicial resources and minimization of the risk of inconsistent decisions—is better served by so doing.

Supreme Court precedent guides our inquiry, this court has discretion to craft the rules of federal district court comity it thinks should apply. Since Judge Martinez's decision cannot be affirmed or reversed, in my view, without explaining whether his vision of comity was correct, I turn to that question.

## II. A Framework for Comity

I suggest the following framework for district courts faced with earlier class certification denials for the same or similar plaintiff classes. First, a district court that is faced with the earlier ruling of another district court denying class certification for a similar putative class should adopt as a rebuttable presumption that the litigation is not amenable to class action treatment.[7] Second, that presumption may be rebutted by proof from the putative class representative that shows a change in factual or legal circumstances since the entry of the earlier order which change rebuts the presumption. Alternatively, the presumption may be rebutted by a showing that the earlier district court ruling was based on clear error. Finally, this court should review a district court's decision on whether the rebuttable presumption attaches or has been rebutted for abuse of discretion. How does this approach play out; and, will it work?

---

[7] Thus, I would have the district court presented with a motion to strike class allegations, as in this case, give comity deference to an earlier ruling on class certification as to similar class claims.

### A. An Earlier Denial of Certification of a Similar Class Should Give Rise to a Rebuttable Presumption That the Litigation is Not Amenable To Class Treatment

The basic posture of this case is not new: a defendant faces a putative class of plaintiffs, but there is substantial uncertainty as to whether the putative class will be able to satisfy Federal Rule of Procedure 23's requirements for class treatment. As the Supreme Court has recognized, the decision whether or not the class is certified is usually the most important ruling in such a case; once a class is certified, plaintiffs who brought claims of even dubious validity can extract an "in terrorem" settlement from innocent defendants who fear the massive losses they face upon an adverse jury verdict. *See, e.g.*, *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1752 (2011) ("Faced with even a small chance of a devastating loss, defendants will be pressured into settling questionable claims.").

Thus, plaintiff's counsel need not present meritorious claims to achieve victory; they need obtain only a favorable class certification ruling. In light of the minimal costs of filing a class complaint, an obvious strategy suggests itself: keep filing the class action complaint with different named plaintiffs[8] until some judge, somewhere, grants the motion to certify. So long as such a decision is reached while the plaintiffs who have not yet filed are numerous enough to justify class treatment, the plaintiffs will have a certified class that they can use to extract an in terrorem settlement.

---

[8] Different named plaintiffs would be required because the original named plaintiff, as party to the suit, would be precluded from relitigating the matter. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (describing basic principles of claim and issue preclusion).

If in terrorem settlements are bad, duplicative lawsuits employed to extract such a settlement are worse. It is no surprise, then, that appellate courts have long been trying to solve this problem. One solution was put forth by the Seventh Circuit in *In re Bridgestone/Firestone, Inc. Tires Product Liability Litigation*, 333 F.3d 763 (7th Cir. 2003). There, the Seventh Circuit held that an earlier denial of class certification would be binding on all putative members of the class, whether or not named in the action, so long as they were adequately represented by the named litigants and class counsel. Thus, there would be an *irrebuttable* presumption that an earlier denial of class certification had binding effect.

However, the Supreme Court abrogated *Bridgestone/ Firestone* in *Smith v. Bayer. Bayer*, 131 S.Ct. at 2380–81. There, the Court made clear that despite "policy concerns relating to use of the class action device," individuals not present before the district court could not be bound by its judgment, as the court simply lacked authority to bind them because they were not parties to the litigation, nor did they fit into any of the narrow exceptions to the party preclusion rule announced in *Taylor v. Sturgell*, 553 U.S. 880 (2008). This was not, the Supreme Court said, to deny the force of defense counsel's policy objection, but to state that "principles of stare decisis and comity among courts" would have to "mitigate the sometimes substantial costs of similar litigation brought by different plaintiffs." *Bayer*, 131 S.Ct. at 2380–81.

Thus, two principles guide application of comity in this context. First, a district court cannot treat an earlier denial of certification of class status to a similar plaintiff class as conclusive proof that the subject matter is not amenable to class treatment. *Bayer*, 131 S.Ct. at 2380–81. Second, district courts should adopt an approach to comity which resolves (or

at least reduces) the policy concern of repeated certification efforts by plaintiffs seeking an in terrorem settlement. *AT&T Mobility LLC*, 131 S.Ct. at 1752 (2011). Taken together, these principles recommend that district courts be given a way to clear their dockets of questionable successive class certification requests, while ensuring that putative class members who have unearthed new evidence or new law in favor of certification, or clear error in the earlier ruling, not be foreclosed by the failed efforts of their predecessors.

In light of the need to distinguish between legitimate and illegitimate successive class certification request, a presumption of correctness to earlier denials of certification that can be rebutted by a showing of changed factual or legal circumstances, or earlier clear error, makes sense. First, the district court is justified as a matter of procedure in assuming that the earlier denial of certification was correct; if it was not, plaintiffs in the earlier action could have pursued an interlocutory appeal[9] and had the decision vacated; the inference of correctness from its continued existence is reasonable.[10] Second, if the presumption of correctness is rebuttable, this rule does not run afoul of the Supreme Court's teaching in *Smith v. Bayer* that unnamed members of a

---

[9] An interlocutory appeal of this order is explicitly allowed under Federal Rule of Civil Procedure 23(f), which allows circuit courts to permit an immediate appeal from the denial of class certification "if a petition for permission to appeal is filed with the circuit clerk within 14 days" of the denial.

[10] Or, as in this case, plaintiffs could voluntarily dismiss their claims with prejudice and appeal as of right. I concur with the opinion's jurisdictional and standing analysis based on *Berger*, so it is common ground that plaintiffs have created proper appellate jurisdiction in this manner.

putative class cannot be bound by the denial of certification. Plaintiffs are given an opportunity to challenge that earlier denial of class certification by rebutting the presumption, and the presumption will be rebutted in any case where there are good grounds to reconsider the initial determination that the subject matter of the case is not amenable to aggregate treatment. Third, the policy concern about the cost of defending against successive certification motions is reduced by putting the onus on plaintiffs to explain why the earlier ruling should not be given effect: so long as there is no new evidence, change in the law, or clear error in the earlier dismissal, defendants can rely on their first victory to stave off in terrorem settlements.[11] Fourth, as the district court noted in this case, adoption of a rebuttable presumption has scholarly support. *See Baker v. Microsoft Corp.*, 851 F.Supp.2d 1274, 1278 (W.D. Wash. 2012) (citing ALI Principles of the Law of Aggregate Litigation).[12]

In particular, when there has been a change in the law governing whether a matter is amenable to class treatment—as there was in the Range Rover wheel alignment case—that should be grounds for rebutting the presumption

---

[11] My suggestion balances the finality value of a definitive ruling in defendants' favor with the danger of an erroneous first denial of class certification curtailing legitimate claims by allowing the second district court to engage in clear-error review of the first court's ruling.

[12] Plaintiffs in this case allege that a rebuttable presumption serves to unduly constrain district court discretion. But discretion does not mean *unbounded* discretion, and the policy arguments against duplicative class actions recognized by the Supreme Court in *Smith v. Bayer* require some restrictions on the discretion of district courts to certify a class. 131 S.Ct. at 2381. A rebuttable presumption, coupled with abuse-of-discretion review by this court, thus preserves district court discretion without allowing district courts to stray too far.

in favor of the earlier ruling which was based on abrogated law and which denied class certification. This is because there are pro-class action policy arguments that we should not ignore. In particular, class actions are an important way of resolving so-called "negative value claims"; that is, claims that are legitimate, but cost too much to litigate individually. Thus, denying class certification to claims that *can* be treated in the aggregate is equivalent to denying those claims on the merits. When the law has changed to recognize those claims as amenable to aggregate treatment, applying that change to give the new plaintiff an opportunity to represent the class makes sense. Moreover, since the change in the law has recognized a claim that would not otherwise have been viable, this is not a "second bite at the apple" of the sort animating claim preclusion principles. Instead, the change in the law has presented a different apple.

### B. A Decision Which Applies Comity's Presumption of Correct Denial of Certification Should Be Reviewed on an Abuse of Discretion Standard

It is settled law that the decision to apply principles of comity is discretionary, not mandatory. *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1140 (9th Cir. 2001). Therefore, this court reviews a district court's decision to grant comity deference to a state or tribal court's determination of an issue for abuse of discretion. *Stock West Corp. v. Taylor*, 964 F.2d 912, 918 (9th Cir. 1992). This principle has been extended to comity to federal court decisions; a district court's decision to dismiss an action under the federal comity doctrine's "first to file" rule is reviewed for an abuse of discretion. *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000).

BAKER V. MICROSOFT CORP.

Since the district court's choice to apply principles of comity is discretionary, an abuse of discretion standard of review should be applied.  Moreover, I see no justification for a *less* stringent standard of review for a decision to give preclusive effect to the substance of an order than to the decision to defer to duplicative litigation as in the "first to file" context.  Thus, I suggest adoption for use here of the familiar abuse of discretion standard: a district court abuses its discretion when it identifies the wrong legal standard for decision, or makes findings of fact (or applications of the facts it has found) that are "illogical, implausible, or without support in inferences that may be drawn from facts in the record."  *U.S. v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

## III.    This Case

Applying the framework enunciated above, I conclude that the rebuttable presumption that individual issues predominated over class-wide issues was rebutted here.

At the first step, Judge Martinez correctly applied comity's rebuttable presumption in favor of Judge Coughenour's earlier denial of class certification.  At the second step, however, the district court erred by finding that *Wolin* was not a change in law that rebutted the presumption in favor of the earlier denial of class certification.  The district court made this mistake because it misunderstood the grounds of Judge Coughenour's earlier denial of class certification.

Judge Martinez concluded that the presumption had not been rebutted because the *Gable/Wolin* Land Rover litigation was distinguishable from the scratched disc litigation.

However, the language he quoted from Judge Coughenour's earlier denial was language justifying Judge Coughenour's conclusion that *Gable* could *not* be distinguished from the X-Box scratch case. *In re Microsoft Xbox 360 Scratched Disc Litigation*, 2009 WL 10219350, at *7 (W.D. Wash. Oct. 5, 2009) ("Plaintiffs attempt to distinguish *Gable*, but fail . . . The *Gable* court acknowledged that every Land Rover suffered the same design flaw, but nonetheless refused to certify the class, because the defect had not *manifested* in every Land Rover.  That is exactly the case here.").  Judge Martinez committed two errors of law.  First, he read Judge Coughenour's earlier denial of class certification as based on a finding that the *Gable/Wolin* decision was distinguishable from the scratched disc litigation; to the contrary, Judge Coughenour had stated that the scratched disc and tire wear actions were not distinguishable.  Second, it was legal error for him to defer to Judge Coughenour's denial of class certification in light of the change in law wrought by *Gable*'s reversal in *Wolin*, as discussed fully in the majority opinion.  Maj. Op. at 12–13.

Thus, Judge Martinez abused his discretion by granting comity deference to an earlier denial of class certification despite an intervening change in the law that should have rebutted the presumption in favor of that denial.  Notably, Microsoft made no argument in the district court in support of the motion to strike other than reliance on comity; its arguments about the propriety of class treatment in this case were only to justify the "alternative relief" of denial of certification.  Since the district court has not yet opined on whether plaintiffs' class should be certified, I agree that this issue should remain open on remand, where defendants will be free to renew their motion to deny certification.

**IV.     Conclusion**

Our court should not misconstrue the district court rulings it reviews, and it should give guidance to district courts who face difficult questions of law.  As the majority opinion does not satisfy either of these duties, I concur in its result, but not its reasoning.